We remanded this case to the trial court for it to state on the record whether it had complied with Rule 27.1, Ala.R.Crim.P., by informing Smoke in writing of the conditions of his probation, specifically, the condition that he had to have permission from his probation officer to leave the state. See Smoke v. State, 812 So.2d 387
(Ala.Crim.App. 2001). In its order on return to remand, the trial court stated, in pertinent part: *Page 391 
 "[T]his Court determines that the record is unclear as to the existence of a written order of probation. No such order was found in the probation file and the Defendant maintains that he never received such order and that conditions of probation were never explained to him. The Probation Officer who was supervising the Defendant is no longer with the Montgomery Probation Office and was not present to offer testimony to dispute Defendant's position."
Based on these findings, the trial court's order revoking Smoke's probation is reversed and the case is remanded. See Rule 27.6(e), Ala.R.Crim.P. ("Probation shall not be revoked for violation of a condition or regulation if the probationer had not received a written copy of the condition or regulation.").
REVERSED AND REMANDED.
McMillan, P.J., and Cobb, Baschab, and Wise, JJ., concur.